JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

Carla Vega et al.,

          Plaintiff,

      v.

FCA US LLC, et al.,

          Defendants.

Case No. 2:21-cv-05128-VAP-MRWx

**Order GRANTING Motion to Remand (Dkt. 17)**

Before the Court is Plaintiffs Carla Vega and Leonel Torres' ("Plaintiffs") Motion to Remand.  (Dkt. 17, "Motion").  Defendant FCA US LLC ("Defendant") filed an Opposition on August 2, 2021.  (Dkt. 18, "Opposition").  Plaintiffs replied on August 9, 2021.  (Dkt. 19, "Reply").

After considering all the papers filed in support of, and in opposition to, the Motion, the Court deems this matter appropriate for resolution without a hearing pursuant to Local Rule 7-15.  The Court GRANTS the Motion.

## I.  BACKGROUND

Plaintiffs filed the Complaint in the California Superior Court, Los Angeles County, on March 12, 2021, asserting claims under California's Song-Berly Consumer Warranty Act relating to their purchase of a 2015 Dodge Charger.  (*See* Dkt. 1, "Notice of Removal").  Defendant removed the

action to federal court June 23, 2021.  (*Id.*)  Plaintiffs now seek to remand to state court, arguing that Defendant's removal was untimely and failed to establish the amount in controversy requirement.  (*See generally* Dkt. 17).

## II.    LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action.  A district court has diversity jurisdiction over any civil action between citizens of different states if the amount in controversy exceeds $75,000, excluding interest and costs.[1]  28 U.S.C. § 1332.  "[T]he amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract."  *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018).

Generally, a defendant must file a notice of removal within 30 days after receipt of the first pleading in the state action that sets forth a removable claim.  28 U.S.C. § 1441(b)(1).  Where removability is uncertain, the 30-day period is measured from the point at which defendant had notice that the action is removable.  28 U.S.C. § 1441(b)(3).

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th

---

[1] Plaintiffs do not challenge diversity of citizenship.  (*See generally* Dkt. 17).

United States District Court
Central District of California

Cir. 1999), *superseded by statute on other grounds as stated in Abrego*

*Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006).  There is

a strong presumption against removal jurisdiction, and federal jurisdiction

"must be rejected if there is any doubt as to the right of removal in the first

instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation

omitted).  A "defendant always has the burden of establishing that removal

is proper."  *Id.*  "If at any time before final judgment it appears that the

district court lacks subject matter jurisdiction, the case shall be remanded."

28 U.S.C. § 1447(c).


### III.   DISCUSSION

**A.   Timeliness of Removal**

Plaintiffs first argue that this case should be remanded because

removal was untimely.  Specifically, Plaintiffs contend that Defendant knew

the purchase price of the vehicle at the time it provided Plaintiffs with a

California Code of Civil Procedure §998 Offer thus making removal untimely.

Defendant contends that it first became aware of the purchase price of the

vehicle when it was served with a copy of the Retail Installment Contract on

May 24, 2021.  Plaintiffs' arguments are unpersuasive.


In general, a defendant must file a notice of removal within 30 days

after receipt of the first paper in the state action that sets forth a removable

claim.  *See* 28 U.S.C. § 1446 ("if the case stated by the initial pleading is not

removable, a notice of removal may be filed within 30 days after receipt by

the defendant, through service or otherwise, of a copy of an amended

pleading, motion, order or other paper from which it may first be ascertained

3

United States District Court
Central District of California

that the case is one which is or has become removable.").  In any event,
removal based on diversity jurisdiction must be made within one year after
the case is filed unless the district court finds that the plaintiff has acted in
bad faith in order to prevent removal.  (*See id.*)

While it is true that settlement information could put a defendant on
notice of a removable claim, the 30-day deadline is not triggered where a
defendant determines the case is removable by way of its own investigation.
*See* [2:3230] Time for Removal: Rutter Group Prac. Guide Fed. Civ. Pro.
Before Trial Ch. 2D-7 (citing *Kuxhausen v. BMW Fin'l Services NA LLC*, 707
F3d 1136, 1139 (9th Cir. 2013)).  Here, Plaintiffs do not contend that they
provided Defendant with the purchase price of their vehicle during
settlement discussions.  Rather, Plaintiffs contend that because Defendant
made an offer, it must have known the purchase price of the vehicle.  This
argument is speculative and unsupported by the case law.  Indeed, the
cases that Plaintiffs rely on involve situations where the plaintiff provided the
defendant with evidence of the purchase price of the vehicle during
settlement discussions.  *See Garcia v. FCA US LLC*, No. 220CV04779VAP
(MRWx), 2020 WL 4219614, at *2 (C.D. Cal. July 22, 2020) ("If plaintiffs
think that their action may be removable and think, further, that the
defendant might delay filing a notice of removal until a strategically
advantageous moment, they need only provide to the defendant a
document from which removability may be ascertained. Such a document
will trigger the thirty-day removal period, during which defendant must either
file a notice of removal or lose the right to remove.  Plaintiff did just that
here: on January 7, 2020, the parties discussed a potential settlement as

part of FCA's Early Resolution Program, and Plaintiff's counsel disclosed that the 'Total Sales Price for the subject vehicle is $19,687.14.'").  That is not the case here.  Defendant's removal was therefore timely.

**B.     Amount in Controversy**

Plaintiffs next argue that even if removal were timely, the case should nevertheless be remanded to state court because Defendant has failed to show that the amount in controversy has been satisfied.  The Court agrees with Plaintiffs.

Defendant's failure to allege an adequate amount in controversy is an independent basis for remanding this case to state court.  A defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold.  *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold.  Where doubt regarding the right to removal exists, a case should be remanded to state court.") (footnotes omitted).

Here, Defendant calculates the amount in controversy by aggregating the purchase price of Plaintiffs' vehicle ($37,401.44), twice that in civil penalties, and reasonable attorneys' fees.  Defendant's methodology is

5

United States District Court
Central District of California

sound in principle, but it relies on conclusory allegations and lacks the
necessary support to carry Defendant's evidentiary burden.

### 1.    Actual Damages

Actual damages under the Song-Beverly Consumer Warranty Act
("the Act") are the "amount equal to the actual price paid or payable by the
buyer," less the reduction in value "directly attributable to use by the buyer."
Cal. Civ. Code § 1793.2(d)(2)(B)-(C).  The reduction is based on the number
of miles the buyer has driven prior to the first attempted repair (often called
the "use offset").  (*Id.*)  As a threshold matter, Defendant fails to reduce the
actual damages to account for Plaintiffs' use offset.  Additionally,
Defendant's calculation entirely fails to account for the fact that the car was
leased, not purchased.  *AMANDA D'AMICO, Plaintiff, v. FORD MOTOR
COMPANY, A Delaware Corporation; & DOES 1 through 20, inclusive,
Defendants.*, No. CV 20-2985-CJC (JCx), 2020 WL 2614610, at *2 (C.D.
Cal. May 21, 2020).

Because Plaintiffs leased the car, the "price paid" under the statute is
not the MRSP, but only what Plaintiffs have paid under their lease.  *See id.*
(citing *Ghayaisi v. Subaru of Am., Inc.*, No. 2:20-cv-00467-RGK (SKx), 2020
WL 1140451, at *1 (C.D. Cal. Mar. 6, 2020) (remanding where defendant
relied on total payments to be made under lease agreement, but
"present[ed] no facts regarding how many payments were actually made on
the installment contract"); *see also Chavez v. FCA US LLC*, 2:19-cv-06003-
ODW (GJSx), 2020 WL 468909, at *2 (C.D. Cal. Jan. 27, 2020) (remanding
where defendant failed to meet burden of showing actual damages because

the defendant provided only the sales contract, and "fail[ed] to indicate an amount of payments made")).  Defendant does not provide any information regarding that amount, which the purchase agreement indicates to be far less than $75,000.  (*See* Dkt. 1-7) (Noting that Plaintiffs paid a $7000 down payment and leased the remaining $32,401.44 with a monthly installment payment of $450.22 beginning on August 22, 2015 and which ended on July 22, 2021).  Defendant simply relies on the total payments to be made under the lease contract but does not provide any facts regarding how many payments were actually made on the installment contract.  Therefore, without more information, the Court cannot give weight to Defendant's allegations of actual damages.

### 2. Civil Penalty

If a court determines that a defendant's failure to comply with the terms of the Act is willful, a successful plaintiff is entitled to recover civil penalties of up to twice the amount of the actual damages.  Cal. Civ. Code §§ 1794 (c).  If the amount of actual damages is speculative, however, an attempt to determine the civil penalty is equally uncertain.  *Eberle v. Jaguar Land Rover N. Am., LLC*, No. 218CV06650VAP (PLAx), 2018 WL 4674598, at *2 (C.D. Cal. Sept. 26, 2018).

Moreover, Defendant has not pointed to any specific allegations in the complaint or notice of removal suggesting that the civil penalty would be awarded, or how much it might be if it were.  *See Zawaideh v. BMW of North America, LLC*, No.: 17-CV-2151 W (KSC), 2018 WL 1805103, at *2 (S.D. Cal. Apr. 17, 2018) ("Rather than simply assume that because a civil penalty

United States District Court
Central District of California

is available, one will be awarded, the defendant must make some effort to justify the assumption by, for example, pointing to allegations in the Complaint suggesting award of a civil penalty would be appropriate, and providing evidence—such as verdicts or judgments from similar cases—regarding the likely amount of the penalty."); *Edwards v. Ford Motor Co*., No. CV 16-05852 BRO (PLAx), 2016 WL 6583585, at *5 (C.D. Cal. Nov. 4, 2016) (granting a motion to remand in a Song-Beverly case in part because the defendant did not provide the court with "any analogous verdicts or estimates of a recoverable punitive damages award," thus failing "to establish the likelihood of any punitive damage award by a preponderance of the evidence"); *Lawrence v. FCA US LLC*, No. CV 16-05452 BRO (GJSx), 2016 WL 5921059, at *4 (C.D. Cal. Oct. 11, 2016) (finding that because a defendant did not provide "any analogous verdicts or estimates about the amount" the court could not consider Song-Beverly's civil penalty when determining the amount in controversy).  The Court is thus unable to determine what civil penalties might be imposed if Plaintiffs' claims succeed.

### 3.    Attorneys' Fees

Defendant has, similarly, not made a sufficient showing regarding attorneys' fees.  Attorneys' fees that accrue after the filing of a notice of removal may be included in an estimate of the amount in controversy, but a removing defendant must "prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence," and to "make this showing with summary-judgment-type evidence."  *Fritsch*, 899 F.3d at 795.  "A district court may reject a

defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof." (*Id*.)

Here, Defendant makes no effort to explain what amount of attorneys' fees might be sought or awarded in this case, neglecting to include so much as an estimate of the hours or billing rates that might apply. Defendant merely argues that fees for other cases involving the same law firm were awarded in excess of $50,000. (Dkt. 18). Such vague and conclusory allegations fall short of meeting Defendant's burden. *See D'Amico, 2020 WL 2614610*, at *4 ("[T]he Court is not persuaded that 'more than $65,000' is a reasonable estimate of attorney fees in this case. Indeed, many cases alleging violations of the Act settle early, and Defendant provides no explanation for why this case is similar to ones that went to trial. Nor does Defendant provide an estimate of the hours that will be incurred or hourly rates that would apply in this case.") (collecting cases); *Eberle*, 2018 WL 4674598, at *3 ("Courts have been reluctant to estimate reasonabl[e] attorneys' fees without knowing what the attorneys in the case bill, or being provided with evidence of attorneys' fees awards in similar cases and have found information far more specific than this to be insufficient for the purposes of including attorneys' fees in the amount in controversy." (internal quotations and citations omitted)). Accordingly, the Court is unable to consider any potential attorneys' fees in determining whether the amount in controversy is satisfied.

/ / /

/ / /

## IV.    CONCLUSION

The Court therefore GRANTS Plaintiffs' Motion to Remand.

**IT IS SO ORDERED.**

Dated:    8/25/21                                    _____
                                                    Virginia A. Phillips
                                                    United States District Judge